# EXHIBIT-A

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
California Department of Food and Agriculture;
Yongsoo Son; Does 1-100

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Nickie Cross

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT of CA, COUNTY OF KERN
AUG 01 2018
TERRY McNALLY, CLERK
BY_____ DEPUTY
ENDORSED

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

**CASE NUMBER** *(Número del Caso):* BCV-18-101870 DRL

Superior Court of California
1415 Truxtun Ave.
Bakersfield, CA 93301

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Randy Rumph 232235 Randy Rumph, Attorney at Law
218 H Street (661) 322-4600
Bakersfield, CA 93304

DATE: AUG 01 2018     Terry McNally    Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*              *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*

3. [X] on behalf of *(specify):* California Dept. of Food and Agriculture
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [X] other *(specify):* government entity
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

CEB Essential Forms
ceb.com

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

NICKIE CROSS

FILED
SUPERIOR COURT of CA, COUNTY OF KERN
AUG 21 2018
TERRY McNALLY, CLERK
BY_____ DEPUTY

1  | RANDY RUMPH (SBN: 232235)
   | 218 H. STREET
2  | BAKERSFIELD, CALIFORNIA  93304
   | PHONE: (661) 322-4600 FAX: (661) 322-8478
3  | rmrlaw10@sbcglobal.net
   | ATTORNEY FOR NICKIE CROSS

NOTICE OF ASSIGNMENT AND
CASE MANAGEMENT CONFERENCE    :

Assigned to **DAVID R. LAMPE** for all purposes.
Hearing Date: 01-28-2019
Time: 8:30 AM
Department: 11

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF KERN

### Metropolitan Division

| | |
|---|---|
| NICKIE CROSS,<br><br>                  Plaintiff,<br><br>CALIFORNIA DEPARTMENT OF FOOD AND AGRICULTURE; YOUNGSOO SON; DOES 1- 100.<br><br>                  Defendants. | CASE NO.  BCV-18-101870 DRL<br><br>COMPLAINT FOR DAMAGES FOR<br><br>1. CA Whistleblower Protection Act<br><br>2. 42 U.S.C. 1983 (First Amendment) |

1. This case involves a claim against defendants based upon California statutory law and federal Constitutional law and 42 U.S.C. 1983.

2. Plaintiff, Nickie Cross (hereinafter "Plaintiff" or "Cross"), was employed by defendant California Department of Food and Agriculture (CDFA) as an Agricultural aid in the 1990s, and was promoted ultimately to Agricultural Technician I in or about 2000 until the termination of her employment on March 13, 2017. Plaintiff's job duties in March 2017 included assisting in deploying and inspecting insect traps in commercial agricultural areas, and documenting data relating to said insect traps.

3. At the time of her termination, defendant Youngsoo Son (hereinafter "Son") served as Plaintiff's supervisor and Son was also an employee of CDFA. At all times material hereto, Son

1 was a person as defined in Govt. Code 8547.2, and was an employee as defined in Govt. Code 8547.2.

4.   Defendant CDFA at all times material hereto was a person as defined in Govt. Code 8547.2.

5.   Plaintiff is unaware of the true names and capacities of the Defendants sued herein as Does 1 through 100 inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities when ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitiously named Defendants are liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiff as alleged herein, which includes serving as Plaintiff's employer, aiding and abetting the defendants in engaging in the conduct outlined herein, and conspiring with the defendants to engage in the conduct outlined herein.

6.   Plaintiff suffered retaliation in violation of California law in March 2017 after she engaged in conduct that was protected by California law, to wit, the California Whistleblower Protection Act. In addition, protected conduct from 2016 was cited as a determining factor in Plaintiff's termination of employment.

7.   On March 2, 2017, Cross was driving on the road to the CDFA work site when a co-worker named Adriana Hurtado began following her too closely and driving in a manner that endangered both Ms. Hurtado, Ms. Cross, and the public in violation of California law (including but not limited to Cal. Vehicle Code 21703) (hereinafter the "Hurtado Illegal Driving"). On the same day, Cross verbally complained to Ms. Hurtado and to Son about the Hurtado Illegal Driving (hereinafter the "Hurtado Driving Complaints"). Similar driving habits such as the Hurtado Illegal Driving could not only endanger employees in the future but also the public in the future should Ms. Hurtado continue driving in this manner, especially in any state vehicles.. Such driving could also cause waste of state vehicles should they be involved in a wreck.

8.   In or about May 2016, Plaintiff noticed that employees of the California Department of Food and Agriculture had been sitting at a McDonald's while on work hours. Plaintiff took

photographs of vehicles utilized by those employees while the vehicles were parked at the McDonald's restaurant (hereinafter the "McDonald's Vehicle Photography'). The McDonald's Vehicle Photography was intended to show that the employees were sitting at a restaurant while they were on the clock. The McDonald's Vehicle Photography was not part of Plaintiff's job duties and involved matters of public concern.

9. Son terminated Plaintiff's employment with the CDFA on March 13, 2017, and listed as a contributing reason Ms. Cross' confrontation with Ms. Hurtado over Ms. Hurtado's illegal driving habits, among other things as noted in the notice of termination attached as Exhibit 1.

10. Plaintiff filed a claim with the California State Personnel Board, which dismissed Plaintiff's claim on March 13, 2018, and was mailed to Plaintiff's counsel on March 14, 2018.

## FIRST CAUSE OF ACTION

## CALIFORNIA WHISTLEBLOWER PROTECTION ACT

### (Against Both CDFA and Son)

11. Plaintiff repeats and realleges all prior allegations.

12. The Hurtado Driving Complaints involve conduct protected by California law, to wit, Cal. Govt. Code 8547.2(e) because:

(1) the Hurtado Driving Complaints disclosed an improper governmental activity as defined in Cal. Govt. Code 8547.2(c) (activity by a state employee that violates a state law - Cal. Vehicle Code 21703); and

(2) disclosed a condition that may have significantly threatened the health or safety of employees or the public, to wit, a violation of the California Vehicle Code section 21703.

13. The McDonald's Vehicle Photography involved conduct protected under Cal. Govt. Code 8547.2 (c) as it involved economically wasteful conduct as well as the theft of state funds being paid for work when work was not being performed.

14. Attached as Exhibit 1 are the termination documents prepared by Son that reveals the Hurtado Driving Complaints and/or the McDonald's Vehicle Photography were contributing reasons for Plaintiff's termination making it unlawful under the California Whistleblower Protection Act.

15. By engaging in the termination of Plaintiff, defendant Son violated Govt Code

1  8547.3(a) and is liable in damages for the termination under Govt Code 8547.3(c). Additionally, by
2  engaging in the termination of Plaintiff, defendant Son violated Govt. Code 8547.8(c), and is liable
3  in damages for the termination under Govt. Code 8547.8(c).

16. The California Department of Food and Agriculture, by engaging in the termination of Plaintiff, violated Govt. Code 8547.8(c), and is liable in damages for the termination under Govt. Code 8547.8(c).

17. Plaintiff has suffered damages by reason of the termination including lost income and employee benefits, as well as emotional distress and mental anguish.

18. Defendant Son is liable for punitive damages due to the fact the conduct outlined herein of terminating Plaintiff was malicious, including but not limited to the fact that he improperly claimed Plaintiff had engaged in conduct protected by law in a harassing manner.

19. Both defendants are liable under Govt. Code 8547.8(b) for a fine not to exceed $10,000.

20. Plaintiff has been forced to incur the costs of hiring an attorney to prosecute this action and is therefore entitled to reasonable attorney's fees.

**SECOND CAUSE OF ACTION**

**(Against Defendant Son)**

21. Plaintiff repeats and realleges all prior allegations.

22. The Hurtado Driving Complaints are protected by the First Amendment to the United States Constitution as they involve complaints about matters involving a public concern (public employee driving recklessly and in violation of the law on public roads) and they were not a part of Plaintiff's job duties.

23. The McDonald's Vehicle Photography is protected by the First Amendment to the United States Constitution as it involves revelations of public employees engaging in sitting at a restaurant while being on the clock. The McDonald's Vehicle Photography was not a part of Plaintiff's job duties.

24. Defendant Son was acting under color of state law and is sued in his individual/personal capacity in this cause of action.

25. The Hurtado Driving Complaints individually or together were determining factors in the decision to terminate Plaintiff's job with CDFA.

26. The McDonald's Vehicle Photography was a determining factor in the decision to terminate Plaintiff's job with CDFA.

27. Defendant Son was personally involved in making the decision to terminate Plaintiff's employment and is liable for all damages suffered by Plaintiff as the termination was in retaliation for Plaintiff engaging in the Hurtado Driving Complaints and/or the McDonald's Vehicle Photography. 42 U.S.C. 1983 grants to Plaintiff a remedy against Son for said retaliation.

28. Plaintiff has suffered damages by reason of the termination including lost income and employee benefits, as well as emotional distress and mental anguish.

29. Defendant Son is liable for punitive damages due to the fact the conduct outlined herein of terminating Plaintiff was malicious, and/or at a minimum was in reckless disregard for Plaintiff's protected federal rights.

WHEREFORE, Plaintiff prays for relief against the Defendants as follows:

1. For an award of economic damages to be determined at trial;
2. For emotional distress and mental anguish damages in an amount to be determined at trial;
3. For an award of attorney fees and costs incurred by reason of bringing this action; and
4. For an award of punitive damages; and
5. For such other and further relief as this Court deems just and proper.

DATED: August 1, 2018

RANDY RUMPH
ATTORNEY FOR NICKIE CROSS

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN
## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

Most civil disputes are resolved without filing a lawsuit and most civil lawsuits are resolved without the necessity of a trial. The courts, community organizations and private providers offer a variety of ADR processes to help people resolve disputes without a trial. Kern County Superior Court encourages, and under certain circumstances may require, parties to try ADR before trial. Courts have also found ADR to be beneficial when used early in the case process.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. You may find more information about these ADR processes at http://www.courts.ca.gov/programs/adr.htm.

## Possible Advantages and Disadvantages

ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used as well as the particular type of case involved:

**Possible Advantages:** Saves time; saves money; gives the parties more control over the dispute resolution process and outcome; helps to preserve and/or improve party relationships.

**Possible Disadvantages:** May add additional cost to the litigation if ADR does not resolve the dispute; procedures such as discovery, jury trial, appeals, and other protections may be limited or unavailable.

## Most Common Types of ADR

**Mediation:** A neutral person, or "mediator," helps the parties communicate in an effective and constructive manner so the parties can try to resolve their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is generally confidential, and may be particularly useful where on going relationships are involved, such as between family members, neighbors, employers/employees or business partners.

**Settlement Conferences:** A judge or another neutral person assigned by the court helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement conference neutral does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different views about the likely outcome of a trial in their case.

**Neutral Evaluation:** The parties briefly and informally present their facts and arguments to a neutral person who is often an expert in the subject matter of the dispute. The neutral does not decide the outcome of the dispute, but helps the parties to do so by providing them with a non-binding opinion about the strengths, weaknesses and likely outcome of their case. Depending on the neutral evaluation process and the parties' consent, the neutral may then help the parties try to negotiate a settlement. Neutral evaluation may be appropriate if the parties desire a neutral's opinion about how the case might be resolved at trial, if the primary dispute is about the amount of damages, or if there are technical issues the parties would like a neutral expert to resolve.

**Arbitration:** The parties present evidence and arguments to a neutral person, or "arbitrator," who then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are generally more

C-ADR-100
(Rev. Jan, 24, 2012        ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET        Page 1 of 2

relaxed. If the parties agree to *binding* arbitration, they waive their right to a jury trial and agree to accept the arbitrator's decision. With *nonbinding* arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time and expense of a trial, or desire an expert in the subject matter of their dispute to make a decision.

## Selecting an ADR Program and Neutral

Selecting an ADR program and neutral are important decisions. Be sure to learn about the rules of any program and the qualifications and required fees of any neutral you are considering. Some programs and neutrals do not charge the parties for their ADR services, but others may charge the parties administrative fees and/or fees for the neutral's time. Information about the various neutrals listed on the court's ADR Panel is available at www.kern.courts.ca.gov/home/civil/civilmediatorpanel. To find a private ADR program or neutral, you may search the internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement or arbitration services.

## Local ADR Programs

Kern County Superior Court has collaborated with the Kern County Bar Association, the Better Business Bureau and community representatives to establish alternative dispute resolution (ADR) programs which comply with legal requirements and provide a high quality of service to the public. The court currently sponsors programs such as arbitration and mediation in general civil cases (limited and unlimited) and may refer cases under $50,000 to mediation under local rules. Kern County Superior Court has also contracted with the Better Business Bureau (BBB) under the Dispute Resolution Programs Act (DRPA) to provide mediation services in small claims, unlawful detainer, civil harassment and probate matters. The services of the BBB are also available to the public whether or not a lawsuit has been filed. Other programs, similar to those existing in other California counties, are being investigated for their feasibility in Kern County. One such program is the Victim Offender Reconciliation Program (VORP) in juvenile court proceedings. More information about BBB Mediation Services is available at www.bbbmediation.org, or call toll free 800-675-8118, ext. 300 or 661-616-5252.

Although complaints about ADR neutrals in court programs are uncommon, Kern County Superior Court provides a complaint procedure. If you have a complaint or a concern about a neutral in any of this court's ADR programs, or simply a question about ADR, please contact the ADR Administrator at ADRAdministrator@kern.courts.ca.gov.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California Courts Web Site at www.courtinfo.ca.gov/selfhelp/lowcost.

For questions, please contact: ADR Administrator at ADRAdministrator@kern.courts.ca.gov or (661) 868-4957.
Additional ADR information can be found at www.kern.courts.ca.gov.

C-ADR-100
(Rev. Jan. 24, 2012        ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET                Page 2 of 2

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME AND ADDRESS):   TELEPHONE NO. | FOR COURT USE ONLY |
|---|---|
| ATTORNEY FOR (NAME): <br> SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN <br> STREET ADDRESS: <br> CITY AND ZIP CODE: <br> BRANCH NAME: | |
| PLAINTIFF: <br><br> DEFENDANT: | |
| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |

Pursuant to California Rule of Court 3.221(a)(4), the parties and their attorneys stipulate that all claims in this action will be submitted to the following alternative dispute resolution (ADR) process:

- ☐ Court-connected mediation pursuant to Local Rules (no fee or order required when filed within 10 days of Case Management Conference)
- ☐ Private Mediation
- ☐ Neutral Evaluation
- ☐ Binding Arbitration
- ☐ Referee/Special Master
- ☐ Settlement Conference with Private Neutral
- ☐ Non-binding Judicial Arbitration pursuant to CCP1141.10 et seq., and applicable Rules of Court
- ☐ Discovery will remain open until 30 days before trial
- ☐ Other _____

It is also stipulated that _____ (name of individual neutral, not organization) has consented to and will serve as _____ (neutral fuction/process) and that the session will take place on _____ (enter a FIRM date) and that all persons necessary to effect a settlement and having full authority to resolve the dispute will appear at such session.

Date: _____

On behalf of Plaintiffs

_____     _____
(Type or print name)                                              (Signature)

On behalf of Defendants

_____     _____
(Type or print name)                                              (Signature)

Attach additional signature pages if needed
KO ADR-101 (Mandatory)
Page 1 of 2
(Rev. 2/2012)

# ADR STIPULATION AND ORDER FORM

ORDER:

Case Number: _____

☐ The ADR process is to be completed by _____
                                                                     (date)

☐ The Case Management Conference currently set for _____
                                                                         (date)

20____, at _____ a.m./p.m. in Department _____
      ☐ is hereby vacated
      ☐ is not hereby vacated

☐ Mediation Status Review

☐ Case Status Review
re: _____

☐ Final Case Management Conference
is set for _____, 20____ at _____ a.m./p.m.
in Department _____

☐ Judicial Arbitration Order Review Hearing will be set by notice upon assignment of the arbitrator.

It is so ordered.

_____                      _____
Date                                                Judicial Officer of the Superior Court